**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-02463-GPG

RICHARD ARJUN KAUL, MD,

Plaintiff,

v.

COLORADO MEDICAL BOARD,
ANDREW KAUFMAN,
STEVEN LOMAZOW,
NEW JERSEY BOARD OF MEDICAL EXAMINERS, and
JANE AND JOHN DOES,

Defendants.

---

**ORDER TO FILE AMENDED COMPLAINT**

---

Plaintiff Richard Arjun Kaul lives in Floral Park, New York. On August 8, 2025, Plaintiff filed *pro se* a 111-page Complaint and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). (ECF Nos. 1, 2). He has been granted leave to proceed under § 1915. (ECF No. 4). Therefore, the Court screens the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and Local Civil Rule 8.1(a). Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A legally frivolous claim rests on "an indisputably meritless legal theory," such as a claim that a non-existent legal interest has been infringed. *Id.* at 327. A claim is factually frivolous if it depicts

"fantastic or delusional scenarios," *id.* at 328, or where "the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The Court must construe Plaintiff's pleading liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons below, the Court will order Plaintiff to file an amended complaint on the court-approved form.

## I. COMPLAINT

According to Plaintiff, defendants, including the Colorado Medical Board (CMB), New Jersey Board of Medical Examiners (NJBME), and others, engaged in a conspiracy to revoke his medical license illegally and prevent him from obtaining a license in other states. (*See* ECF No. 1). Plaintiff alleges that the revocation of his New Jersey medical license in 2014 was conducted without a jury or Article III judge, in violation his constitutional rights. (*Id*. at 17-19, 28). Plaintiff further contends that defendants engaged in a pattern of racketeering activities, including mail fraud, wire fraud, public corruption, bribery, and perjury to eliminate him from the medical profession and cover up their illegal actions. (*Id.* at 68-69). He also asserts violations of his Fourteenth Amendment rights under 42 U.S.C. § 1983. (*Id.* at 85-87). Plaintiff finally includes claims of human rights violations under the United Nations Universal Declaration of Human Rights. (*Id.* at 94-95). As relief, Plaintiff requests damages, a public apology, and reinstatement of his medical licenses. (*Id.* at 109).

## II. PLEADING DEFECTS

### *A. Factual Frivolous*

As an initial matter, Plaintiff's allegations and claims appear to be factually frivolous. Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the action if Plaintiff' s claims are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

### *B. Rule 8*

In addition, Plaintiff's Complaint contains multiple and pervasive deficiencies regarding compliance with Rule 8.

Complaints must contain a short and plain statement of the facts explaining why a claim succeeds. Fed. R. Civ. P. 8(a)(2). A complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." *Id.* The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Vague or unintelligible pleadings violate Rule 8.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to establish whether the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN,*

*Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Here, the Complaint is extremely lengthy (over 100 pages), with most sections overloaded with narrative detail, expansive rhetoric, and repetitious assertions rather than concise statements of material facts supporting Plaintiff's specific claims. For example, the pleading repeatedly contains references to "Federation Cartel," "robber-barons," "mafia," "kangaroo courts," alleged global criminal conspiracies, comparisons to tyranny and historical injustices, corporate greed, the healthcare industry, purported national and international injustices, the British "Post Office" case, and the Australian medical strike. Moreover, multiple sections (such as preliminary statements, factual context, and background) use broad discursive explanations and extraneous information, far exceeding what is necessary to set forth the claims. In addition, Plaintiff inserts legal terms, doctrines, and arguments as well as criminal law accusations and conclusions, without sufficient supporting facts. For example, he declares that "Defendants' crimes are equally heinous of their corrupt British counterparts," "malfeasant, illegal and unconstitutional conduct," and accusations of "bribery," "perjury," "kidnapping," "attempted murder," and "patterns of racketeering" are asserted as conclusions throughout, often without succinctly stating the underlying factual details or separating facts from argument. Similarly, the Complaint pleads legal conclusions and doctrines (e.g., "RICO Predicate Acts: Mail Fraud/Wire Fraud/Public Corruption/Bribery/Perjury/Fraud on the Court") without connecting those specifically to concrete, concise factual allegations attributable to each defendant. Further, Plaintiff attempts to incorporate facts by reference to 626 pages

of pages of exhibits, including prior lawsuits, voluminous transcripts, and 607 pages of "admitted fact."

In any amended pleading, Plaintiff must allege in a clear, concise, and organized manner what each defendant did to Plaintiff, when the defendant did it, how the defendant's action harmed him, what specific legal right he believes the defendant violated, and what specific relief he requests as to each defendant. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (citations omitted). Similarly, Plaintiff must allege sufficient facts to meet the legal standard applicable to each asserted claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (cleaned up).

## III. CONCLUSION

Accordingly, it is

ORDERED that Plaintiff file, **within thirty (30) days from the date of this order**, an amended Complaint that complies with all directives contained in this order. To be clear, Plaintiff must submit a single, complete Complaint on the court-approved form as one document that contains all claims and allegations and does not exceed 30 pages. Plaintiff is advised that the Court is not required to sort through multiple pleadings to ascertain his claims or compile the required information from multiple documents and exhibits. It is

FURTHER ORDERED that Plaintiff shall obtain and utilize the court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiff fails to file an amended Complaint that complies with this order within the time allowed, the action may be dismissed without further notice.

DATED August 12, 2025.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge